REQUESTED BY: Senator Rod Johnson Nebraska State Legislature State Capitol, Room 804 Lincoln, Nebraska 68509
Dear Senator:
You have asked whether section 10 of LB 762, as amended, which in turn amends the Nebraska Administrative Procedures Act, would run afoul of the recent United States Supreme Court decision concerning legislative vetoes.
Section 10(1) of LB 762, as amended, provides that an agency may waive certain requirements of the rule-making process in adopting particular rules. Subparagraph (3) of that section further provides that `within two years after the effective date of a rule adopted under subsection (1) of this section, the chairperson of the Administrative Rules and Regulations Review Committee or the Governor may request the agency to hold a rule-making proceeding thereon according to the requirements of sections 3 to 9 of this act.'
This provision was taken almost word for word from the Model Administrative Procedures Act of 1981. The drafters were aware of such concerns and noted in their comments that:
 Although arguable, such a power vested in a legislative committee or the governor or other persons is unlikely to be considered an undue delegation of legislative authority or a violation of separation of powers. Note in this regard the very limited effect of such a filed objection. The objection only forces the agency to engage in a standard rule-making proceeding. It does not prevent an agency from adopting such a rule of unlimited duration by usual procedures.
We concur in this analysis.
Likewise, having reviewed the Supreme Court case concerning the invalidation of a specific legislative veto,Immigration Naturalization Service v. Chadha, No. 80-1832, ___ U.S. ___, 77 L.Ed.2d 317, 103 S. Ct. ___ (June 23, 1983), we do not believe that provisions here in question in any way violate the doctrine of separation of powers as set forth in that case. The procedure does not actually veto the administrative rule outright, rather the procedure merely causes the agency to review that rule and to comply with the standard rule-making procedures if the agency elects to retain that rule.
Sincerely, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General